## R. B. DAVIS CO. v. DAVIS.
### No. 276.

Circuit Court of Appeals, Second Circuit.

Feb. 4, 1935.

Matthew J. Shevlin, of New York City, for appellant.

Nims & Verdi, of New York City (Harry D. Nims, Marion L. Severn, and Stewart W. Richards, all of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

In general we are in agreement with the disposition of this case made by the District Judge. Laying aside all controverted issues, it is apparent that the defendant, long before his business could have become substantial, learned that the use of his name in the baking powder business would be likely to interfere with the plaintiff's old and well-known name. Thereafter he went on at his peril, even though his original purpose was innocent; a conclusion which we are by no means disposed to assume, and whose determination we leave open for the hearing. In detail we are not wholly in accord with the court below. The interlocutory decree first enjoined the use of the defendant's label, Exhibit B. It seems to us that at this stage of the suit at any rate this went too far. The label, aside from its use of the name "Davis" and the opportunity which that gives for palming off, is not very like the plaintiff's. It may conceivably turn out to be so near as to be confusing, but we are not yet satisfied that it is. Therefore subdivisions (a) and (b) of the interlocutory decree are reversed. The use of the name "Davis" should, however, be controlled substantially as it has been by subdivisions (c) and (d), from which the plaintiff has not appealed. We are not altogether clear just how these two subdivisions are to be read, and we are willing somewhat to modify them. Since, however, our substitute may seem to the defendant more onerous than this part of the decree as it stands, we will give him the choice of an affirmance of subdivisions (c) and (d), or of a substitute for both which will be in a single paragraph as follows: "From using in connection with the sale of baking powder other than the plaintiff's product, the word, 'Davis,' unless accompanied by the prefix, 'Julius J.,' and the suffix, 'not connected with the R. B. Davis Company, manufacturers of the original Davis baking powder.' Both prefix and suffix are to be in type of the same font, size and color as the word 'Davis.'"

Subdivision (e) is no more than a general declaration of the law, and serves no purpose at the present time. We therefore modify the decree by striking out subdivisions (a), (b), and (e), and affirming subdivisions (c) and (d), unless the defendant elects within ten days after our mandate goes down to accept in their stead the language we have set forth above.

Decree modified.